UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
JOHN LOPEZ,

                                        Plaintiff,

                – against –

JEFF MCCOY, *et al.*,

                                        Defendants.
--------------------------------------------------------------------------x

**ORDER**

No. 25-CV-4584 (CS)

Seibel, J.

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that his rights were violated at Green Haven. Plaintiff names as Defendants the following Green Haven administrative staff and officers: Superintendent Mark Miller; Deputy Commissioner of Programs Jeff McCoy; Deputy Superintendent of Programs Maryln Kopp; Deputy Superintendent of Health Service Billie Tuohy; Education Supervisor R. Mudge; School Teacher K. Shannon; and Correction Officers William Ransom, Jhandry Zevallos, A. Peire, and Kierstin Kornonowicz.

By order dated June 12, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] (ECF No. 6.) On July 1, 2025, the Court directed the U.S. Marshals Service to effect service on Defendants. (ECF No. 8.) On December 8, 2025, the Marshals Service filed a Process Receipt and Return for Defendant "A. Peire," indicating that service could not be effected because there is no Department of Corrections and Community Supervision ("DOCCS") employee with that name. (ECF No. 14.) On December

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

12, 2025, the Court ordered the Attorney General of the State of New York, who is the agent of and attorney for DOCCS, to ascertain the identity and service address for "A. Peire" and to provide this information to Plaintiff and the Court within 60 days.  (ECF No. 24.)  The Court also ordered Plaintiff to file an Amended Complaint within 30 days of receiving this information to substitute "A Peire" with the newly identified individual and include their service address.  (*Id.*)  On February 9, 2026, the Attorney General filed a letter informing the Court that "A. Peire" is Adam Pierre and that he could be served at Sing Sing Correctional Facility.  (ECF No. 25.)  The Attorney General sent a copy of the letter to Plaintiff.  (*Id.*)

Given the Attorney General's letter, Plaintiff does not need to file an Amended Complaint.  His Original Complaint appears to have simply misspelled the name of Adam Pierre, who appears to work now at Sing Sing Correctional Facility, rather than Green Haven.

Additionally, because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Adam Pierre through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for him.  The Clerk of Court is further instructed to issue a

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court obtained proper service information for Defendant Adam Pierre.  The Court therefore extends the time to serve until 90 days after the date the updated summons issues.

summons for Defendant Adam Pierre and to deliver to the Marshals Service all paperwork necessary for the Marshals Service to effect service upon him.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is directed to issue a summons for Defendant Adam Pierre, complete the USM-285 form with the provided address, and deliver all documents necessary to effect service to the U.S. Marshals Service. Additionally, Plaintiff no longer needs to file an Amended Complaint to substitute Adam Pierre's name and service address.

**SO ORDERED.**

Dated: February 9, 2026
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

3

## DEFENDANT AND SERVICE ADDRESS

1. Adam Pierre
   c/o Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562